

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 16, 1949.

Hon. J. P. Hart
County Attorney
Fayette County
La Grange, Texas

Opinion No. V-796.

Re: The right of the County
Judge to a commission on
actual cash receipts of a
guardian when he required
no reports or accounting
on such receipts during
the guardianship.

Dear Sir:

Reference is made to your recent request which reads in part as follows:

"The question has arisen whether or not the County Judge is entitled to ½ of 1% commission upon the actual cash receipts of the guardian in the following fact situation:

"Over ten years ago the guardian was appointed over his minor children by the County Court of Fayette County, Texas, and the guardian duly qualified at said time and filed his inventory and appraisement, which was approved at said time. Since that time no annual accountings or anything whatsoever was done in said guardianship until the guardian on December 8, 1948, filed a brief report showing that his wards had now reached their majority, that he had delivered all properties to them to which they were entitled to and attached to said final report a release from said wards duly acknowledged by them in which they too state that they have reached their majority and have made a complete settlement with their said guardian, and specifically release him from all further liability by virtue of said guardianship. In this final report of the guardian nothing whatsoever is shown as to what the actual cash receipts of such

guardian were during such guardianship.
I am herewith enclosing a copy of such
final report of said guardian, to which
was attached the release of the former
wards. The Court acted on this final re-
port and release of the wards thereto at-
tached, and closed the guardianship, and
fully discharged the guardian. All Court
costs incident to this closing of the guard-
ianship have been paid by the guardian with
the exception that the question has arisen
as to whether or not the County Judge is
entitled to $\frac{1}{2}$ of 1% of the actual cash re-
ceipts of such guardian during such guard-
ianship. Even though such final report of
the guardian does not show it, the guard-
ian actually did have some cash receipts
during said guardianship."

The pertinent portion of Article 3926, V. C.
S., is as follows:

"The county judge shall also receive
the following fees:

"1. A commission of one-half of one
per cent upon the actual cash receipts of
each executor, administrator or guardian,
upon the approval of the exhibits and the
final settlement of the account of such
executor, administrator or guardian, but
no more than one such commission shall be
charged on any amount received by any such
executor, administrator or guardian."

The case of Grice v. Cooley, 179 S. W. 1098,
is authority for the proposition that the word "ex-
hibit" as used in the above article includes annual
accounts. It is also stated in the above cited case
that:

". . . By article 4186, R. S. 1911,
guardians are required to present an annual
account under oath showing, among other
things, 'a complete account of receipts
and disbursements since the last annual
account.' Upon presentation of such annu-
al account, it is by subsequent provisions
of the statutes made the duty of the then

presiding county judge to conduct a hearing thereon, and, if he is satisfied that the account is correct, it is his duty to approve same. Having made it the duty of the county judge to approve such accounts, and having allowed a fee of one-half of 1 per cent upon the 'actual cash receipts' shown thereby, it surely follows, it seems to us, that the commissions are payable upon such approval, for the reason that they were clearly intended for the benefit of the officer performing the duty, . . . "

In A. G. Opinion No. 2692, dated May 19, 1927, the question was asked:

". . . where a Guardian collects money from 1924 to December 31, 1926, during the Ex-County Judge's administration, and makes no report to the County Judge until the present County Judge took office, January 1, 1927, which one of the two judges is entitled to the one-half of one per cent?

"Is the former Judge who looked after all the approval of orders convering deals during the collection or is the Judge in office who has approved the exhibits entitled to the one-half of one per cent. No report was made during 1924, 1925, 1926 as required by law, and none made until the present County Judge took office and required it."

It was held that the County Judge who required the annual accounts to be filed and then approved them was entitled to the fee. In this opinion it is further stated that:

"We are conscious that the effect of this holding is to deprive the Ex-County Judge of compensation for a certain amount of labor performed by him, but we are less troubled by this when we take into consideration the fact that had he enforced the provisions of Chapter 9, Title 69 of the Revised Civil Statutes, he would have received this compensation. We realize also

that the effect of this holding is to grant
to the present County Judge compensation
for a certain amount of labor which he did
not perform, but we are less concerned with
this because it appears that the present
official did compel the guardian to comply
with Chapter 9 aforesaid, and file the re-
ports thereby required."

There was no annual account filed as required
by law nor were any cash receipts shown in the final
account.  In view of the foregoing, it is our opinion
that the County Judge is not entitled to the one-half
of one per cent commission under Article 3926.

### SUMMARY

Where no annual account was filed, and no
cash receipts were shown in the final settlement of a
guardianship, the County Judge is not entitled to the
one-half of one per cent commission under Article 3926,
V. C. S.; Grice v. Cooley, 179 S. W. 1098; A. G. Opin-
ion No. 2692.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Bruce Allen
Bruce Allen
Assistant

APPROVED

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL

BA:mw